UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHRISTOPHER LEE SMITH | ) | CASE NO.  17-10067(1)(12) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| EDMONTON STATE BANK | ) | AP NO.  17-1010 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER LEE SMITH, *et al.* | ) | |
| | ) | |
| Defendant(s) | ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Motion to Amend or Make Additional Findings to the December 6, 2017 Judgment and Order filed by South Central Bank ("SCB").  The Court considered SCB's Motion, the Objection to the Motion filed by Edmonton State Bank ("ESB"), and the comments of counsel for the parties at the hearing held on the matter.  For the following reasons, the Court will **DENY** SCB's Motion to Amend or Make Additional Findings.

**LEGAL ANALYSIS**

On December 6, 2017, following a trial, this Court entered a Memorandum-Opinion and Order determining that two tobacco pole barns located on the property of Debtor Christopher Smith ("Debtor") were permanent fixtures.  The Court also determined that as permanent fixtures, the pole barns were part of the real estate upon which ESB had a valid real estate mortgage.  Thus, two

insurance checks totaling $259,000, issued after the total destruction of the barns in a wind storm were subject to ESB's mortgage on the Debtor's property.

SCB, which had advanced funds to the Debtor and his wife, had a valid security interest in all of the Debtor's farm equipment and business machinery, evidenced by valid UCC-1 Financing Statements filed with the Kentucky Secretary of State's Office.

The Court's Order declared ESB as the owner of the two insurance checks as they constituted part of the collateral from the Debtor securing ESB's $412,000 real estate mortgage with the Debtor.

Following the issuance of the Court's December 6, 2017, Memorandum-Opinion and Order, SCB filed the Motion to Amend and Make Additional Findings currently before the Court. SCB requests the Court to issue additional findings, stating that SCB's lien position in the pole barn insurance proceeds is second in line behind ESB so that it can collect any proceeds which may remain after ESB's debt is satisfied. The Court must **DENY** ESB's Motion.

First, SCB's lien is solely on Debtor's farm equipment and business machinery. The Court specifically determined that due to the nature of the pole barn structures, they were permanent fixtures that became part of the realty. As such, they are subject to ESB's mortgage. The Court had ample evidence presented at the trial to make this determination. The Court will not change these factual findings.

Next, SCB contends that due to the language in ESB's mortgage, the total debt secured by the mortgage is $412,000. Prior to the bankruptcy, ESB obtained a default judgment in the Barren Circuit Court, Action No. 16-CI-00302, against Debtor. Debtor had defaulted on three loans to ESB which were secured by the real estate mortgage given by Debtor to ESB on 96.810 acres. The State Court Judgment awarded ESB $344,05.73, plus interest of $36.01 per day from August 11, 2016 on

Loan No. *****4800; $87,149.17 as of August 11, 2016, plus daily interest of $12.16 from August 11, 2016 on Loan No. *****2010; and $145,478.63 as of August 11, 2016, plus daily interest of $19.80 on and from August 11, 2016 on Loan No. *****6300, as well as 12% interest on the entirety of the Judgment, plus costs and attorney's fees.

An Affidavit filed in support of ESB's Objection establishes that using the aggregate total indebtedness on the mortgage of $412,000, interest at 12% from the date of Judgment until January 23, 2018 totals $481,486.90, not including attorney's fees and costs which could encompass another $11,342.

The Debtor's property was sold in the bankruptcy for $180,172. Applying the sales proceeds, plus the insurance proceeds of $259,000, plus outstanding attorney's fees and costs, there are no remaining proceeds available to SCB, even if it had a claim based on its security interest.

SCB argues that under the language of the Debtor's mortgage with ESB, the debt on the mortgage is limited to $412,000 which would leave approximately $27,000 available for distribution to other creditors. However, under Kentucky law, once ESB obtained its Judgment in State Court, the mortgage merged into the Judgment and the mortgage is, in effect, extinguished, in favor of the terms of the Judgment. This allows ESB to recover all items in the Judgment, including attorney's fees and costs. Thus, there are no proceeds available for distribution after satisfaction of ESB's claim.

## **CONCLUSION**

For all of the above reasons, the Court will enter the attached Order denying SCB's Motion to Amend or Make Additional Findings to the December 6, 2017 Judgment and Order of South Central Bank.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: March 22, 2018

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CHRISTOPHER LEE SMITH | ) | CASE NO. 17-10067(1)(12) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| EDMONTON STATE BANK | ) | AP NO. 17-1010 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER LEE SMITH, *et al.* | ) | |
| | ) | |
| Defendant(s) | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Amend or Make Additional Findings to the December 6, 2017 Judgment and Order filed by South Central Bank, be and hereby is, **DENIED**.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: March 22, 2018